IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIM L. THOMAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:21-cv-1301** |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **UNITED AIRLINES, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

**NOW COMES**, Plaintiff, KIM L. THOMAS (hereinafter referred to as "Plaintiff" or "Ms. Thomas"), complaining of and about Defendant, UNITED AIRLINES, INC. (hereinafter referred to as "Defendant" or "United Airlines"), and for cause of action files this Original Complaint, showing to the Court the following:

**I.
PARTIES AND SERVICE**

1. Plaintiff, Kim L. Thomas, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

2. Defendant, United Airlines, operates within the State of Texas and conducts business in Houston, Harris County, Texas. Defendant United Airlines may be served with process by serving its Registered Agent of Service: CT Corporation System 1999 Bryan Street, Suite 900,

1

Dallas TX 75201-3136, USA

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. §12101 et seq., the Americans with Disabilities Act of 1990, as amended, ("ADAAA").

4. Additionally, this court has supplemental jurisdiction over Plaintiff's similar State law claims pursuant to 28 U.S.C. §1367, because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. Plaintiff's supplemental jurisdiction claims arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. ("TCHRA").

5. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omission giving rise to the claim occurred.

## III.
## NATURE OF ACTION

6. This is an action brought pursuant to Title VII, TCHRA and the Americans with Disabilities Act of 1990, as amended ("ADAAA"), on the grounds that Plaintiff, Kim Thomas, was discriminated against and retaliated against on the basis of her race and disability in violation of Title VII and of the ADAAA. This action is to correct and recover for Defendant's unlawful employment practices, including the retaliation against Plaintiff for Plaintiff's participation on

protected activities, such as complaint of workplace discrimination and retaliation.

7. This is also an action to correct and recover for Defendant's violation of TCHRA. Specifically, Plaintiff complains that Defendant discriminated and retaliated against her (1) on the bases of the perception of race and disability; and (2) for engaging in protected activities. See Tex. Lab. Code § 21.001 *et seq*.

## IV.
## CONDITIONS PRECEDENT
## EXHAUSTION OF ADMINISTRATION REMEDIES

8. On February 3, 2020, and amended on April 10, 2020, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for discrimination based on race, disability, and retaliation (Charge No. 460-2020-02041).

9. Subsequently the EEOC issued Plaintiff a Notice of Right Sue, dated January 28, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Notice. Therefore, this lawsuit is timely filed.

10. No administrative exhaustion or other conditions precedent are required prior to filling of claims under 42 U.S.C. § 1983.

## V.
## FACTS

11. Plaintiff began her tenure at United Airlines in 1992. Since 2010, Sanford Clausell was Plaintiff's supervisor.

12. In May 2019, as a Union Representative, Plaintiff had a role in a complaint involving workplace violence against African Americans. The complaint was not considered resolved until November 2019.

14. In July 2019, Plaintiff missed two (2) hours of a work shift and on the same day

3

attempted to use her travel benefits. It's important to note that Plaintiff did have a colleague lined up as a replacement for her shift. However, Plaintiff forgot to complete the required time off process due to being severely sick with her medical condition. On August 7, 2019 Plaintiff was suspended by Station Manager Heather Holmes (hereinafter "Ms. Holmes") for "Possible Pass Travel Violation" referring to Plaintiff's missed shift in July.

13.     On August 6, 2019, Plaintiff, participated in two meetings that day. In the first meeting she was being questioned about an investigation. During the investigation Plaintiff asked if she could go to the restroom because of her medical condition. Ms. Holmes shook her head and said no. Laurie Ledonne HR Representative (hereinafter "Ms. Ledonne") said that Plaintiff was not allowed to leave the room. Plaintiff asked for permission again and was denied that request. As a result, Plaintiff soiled herself and after some additional questions she was excused. Plaintiff was understandably, mortified and profoundly humiliated because of this unconscionable lack of consideration of her medical condition.  In the second meeting, in her capacity as Union Representative, Plaintiff met with Ms. Holmes. They discussed pay for Language Interpreters who had not received their due override for the past several years. Nothing positive came of this meeting. In fact, on previous occasions, Ms. Holmes made it clear Plaintiff should not be concerned about her colleagues because as she put it, "You're not Mexican" and that the DOL should work this out instead. When Plaintiff said that she would contact the DOL herself in order to verify the veracity of statements made by Ms. Holmes, the following day, Ms. Holmes suspended Plaintiff and walked her off the property.

14.     On August 13, 2019, Plaintiff received a phone call from Ms. Holmes asking her to bring discharge papers from her hospital visit from her previous visit for their meeting for August

16, 2019. However, that same day August 13, 2019, Plaintiff was hospitalized and was recommended by the doctor to be on bed rest after her hospital visit. Ms. Holmes said that Plaintiff's condition was not severe enough to have been approved for time off because of her suspension and that she still had to attend her August 16 meeting.

15. At the beginning of October 2019, Plaintiff was called in to a pre-termination meeting. Plaintiff was being accused of forgery and dishonesty pertaining to her hospital visit documents. While the information discussed in the meeting was an attempt to keep Plaintiff from returning to work, "Possible Pass Travel Violation" was not mentioned.

16. On or about October 31, 2019, Plaintiff received a letter stating that her employment was terminated, citing forgery and dishonesty pertaining to her already established FMLA. That assertion was far from the truth and was made in retaliation for all of the discriminatory complaints and issues Plaintiff, in her role as Union Representative, had brought to Ms. Holmes over the years. Other employees had submitted actual fraudulent documents pertaining to FMLA in the past, but those employees were not terminated (Shannon Gillette) as a result.

17. Defendant was aware that Plaintiff suffered from an autoimmune disease called "Ulcerative Colitis" (UC), that she was diagnosed with during childhood. UC is a debilitating, painful, disorder, that can affect memory retention; also known as "UC Fog". There is no specific known causes or cure for UC. When active, UC causes painful diarrhea, frequent urgency to defecate, and significant pain in the rectum and colon due to the ulcers. When not, active remission can last as little as 1-3 days. Longer periods of remission may last weeks, months, or even years. Flare ups can be mild, moderate, or extremely severe. No two episodes are the same, however,

they are always debilitating. Plaintiff has taken numerous medications over the years including various pain medications to achieve some modicum of relief. Plaintiff is not currently able to take any medication to ease the symptoms of UC due to a lack of healthcare coverage.

## VI.
## CAUSES OF ACTION

### COUNT I – TITLE VII RACE DISCRIMINATION

18. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

19. Defendant intentionally engaged in unlawful employment practices of discriminating against Plaintiff on the basis of Plaintiff's race.

20. Plaintiff is a member of a protected class, namely African American, clearly qualified for the position she was holding with Defendant.

21. Plaintiff was subjected to adverse employment actions, namely, discrimination in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (African-American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

22. Defendant's non-African American employees were treated more favorably, compared to Plaintiff.

### COUNT II – TCHRA RACE DISCRIMINATION

23. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

24. Defendant intentionally engaged in unlawful employment practices involving

Plaintiff because of her race (African American).

25. Defendant discriminated against the Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 *et seq*.

### COUNT III- TITLE VII RETALIATION

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

27. Plaintiff engaged in activities protected by applicable federal and state law, namely, reported discrimination at the hands of Defendant on the basis of race and disability.

28. Defendant intentionally retaliated against Plaintiff because of the said complaints of race and disability discrimination made to Defendant prior by terminating Plaintiff.

### COUNT IV - TCHRA RETALIATION

29. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

30. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

### COUNT V: DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE ADA

31. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

32. Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

33. Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A)).

34. Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. §12111(4)).

35. Plaintiff is actually disabled, as defined under the ADA and concurrent Texas law. Her evaluations and prescribed medicine reveal that she is protected by the ADA.

36. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

37. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADAAA (42 U.S.C. §12112).

38. Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## COUNT VI: TCHRA DISABILITY DISCRIMINATION

39. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

40. Defendant's conduct constitutes violations of Chapter 21, of the Texas Labor Code (the TCHRA). *See* Tex. Lab. Code §21.001 *et seq*. Specifically, Defendant has discriminated against Plaintiff because of her disabilities in violation of §§ 21.051 and 21.055 of the Texas Labor Code, which states in relevant part that:

> [a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age, the employer (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner

against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

41. Plaintiff's rights were violated when she was not reasonably accommodated after numerous requests. Additionally, the conduct described herein created a hostile work environment under Texas law.

## COUNT VII: ADA RETALIATION

42. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

43. Defendant intentionally retaliated against Plaintiff after making requests for accommodation in violation of the ADA.

## COUNT VIII: TCHRA RETALIATION

44. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

45. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## VII.
## JURY DEMAND

46. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kim L. Thomas, respectfully prays that Defendant, UNITED AIRLINES, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments hereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) Compensatory damages, including, but not limited to, emotional distress;

c) Past, present, and future physical pain and mental suffering;

d) Punitive damages;

e) Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f) Pre-judgment interest at the highest rate permitted by law;

g) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h) Costs of Court; and

i) Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,



Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
Andrew R. Young
Texas Bar No. 24110567
Southern District I.D. 3370322
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713.742.0900
Fax: 832.558.9412
alfonso.kennard@kennardlaw.com
andrew.young@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**