IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIM L. THOMAS,** | § § § | |
| *Plaintiff* | § § | **CIVIL ACTION NO. 4:21-cv-01301** |
| v. | § § | |
| **UNITED AIRLINES INC.,** | § § § | |
| *Defendant.* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, Plaintiff, KIM L. THOMAS (hereinafter referred to as "Plaintiff" or "Ms. Thomas"), complaining of and about Defendant, UNITED AIRLINES, INC. (hereinafter referred to as "Defendant" or "United Airlines"), and for cause of action files this First Amended Complaint, showing to the Court the following:

## I.
## PARTIES AND SERVICE

1. Plaintiff, Kim L. Thomas, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

2. Defendant, United Airlines, operates within the State of Texas and conducts business in Houston, Harris County, Texas. Defendant United Airlines may be served with process by serving its Registered Agent of Service: CT Corporation System 1999 Bryan Street, Suite 900, Dallas TX 75201-3136, USA. This Defendant has been served and answered.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. §12101 et seq., the Americans with Disabilities Act of 1990, as amended, ("ADAAA").

4. Additionally, this court has supplemental jurisdiction over Plaintiff's similar State law claims pursuant to 28 U.S.C. §1367, because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. Plaintiff's supplemental jurisdiction claims arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. ("TCHRA").

5. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omission giving rise to the claim occurred.

## III.
## NATURE OF ACTION

6. This is an action brought pursuant to Title VII, TCHRA and the Americans with Disabilities Act of 1990, as amended ("ADAAA"), on the grounds that Plaintiff, Kim Thomas, was discriminated against and retaliated against on the basis of her race and disability in violation of Title VII and of the ADAAA. This action is to correct and recover for Defendant's unlawful employment practices, including the retaliation against Plaintiff for Plaintiff's participation on protected activities, such as complaint of workplace discrimination and retaliation.

7.     This is also an action to correct and recover for Defendant's violation of TCHRA. Specifically, Plaintiff complains that Defendant discriminated and retaliated against her (1) on the bases of the perception of race and disability; and (2) for engaging in protected activities.  See Tex. Lab. Code § 21.001 *et seq*.

## IV.
## CONDITIONS PRECEDENT
## EXHAUSTION OF ADMINISTRATION REMEDIES

8.     On February 3, 2020, and amended on April 10, 2020, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for discrimination based on race, disability, and retaliation (Charge No. 460-2020-02041).

9.     Subsequently the EEOC issued Plaintiff a Notice of Right Sue, dated January 28, 2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Notice. Therefore, this lawsuit is timely filed.

10.    No administrative exhaustion or other conditions precedent are required prior to filling of claims under 42 U.S.C. § 1983.

## V.
## FACTS

11.    Plaintiff began her tenure at United Airlines in 1992. Since 2010, Sanford Clausell was Plaintiff's supervisor.

12.    In May 2019, as a Union Representative, Plaintiff had a role in a complaint involving workplace violence against African Americans. Plaintiff's role in this situation was and is protected under discrimination and retaliation laws. The complaint was not considered resolved until November 2019.

13.    Plaintiff was diagnosed with Ulcerative Colitis, a medical condition so severe that it kept Plaintiff from performing several self-care tasks such as working and being able to control

3

intimate bodily functions. Plaintiff had applied for and received intermittent FMLA status with Defendant. In fact, Plaintiff was on intermittent FMLA when Defendant terminated her.

14. Plaintiff's condition had been in remission for years but had flared up in the year leading up to her termination, from stress Ms. Holmes had put her under. Because of this, Ms. Thomas was forced to use some FMLA time in 2019. Ms. Holmes was aware of this status.

14. In July 2019, Plaintiff missed two (2) hours of a work shift and on the same day attempted to use her travel benefits. It's important to note that Plaintiff did have a colleague lined up as a replacement for her shift. However, Plaintiff forgot to input the required time off paperwork as she became severely sick with her medical condition of Ulcerative Colitis. Plaintiff became severely sick and did not use any travel pass that day. .

15. On August 6, 2019, Plaintiff, participated in two meetings with Defendant. It is important to note that in one of these meetings, Ms. Holmes refused to allow Plaintiff Union representation.

16. In the first meeting Defendant questioned Plaintiff about an investigation. During the investigation Plaintiff asked if she could go to the restroom because of her medical condition. Ms. Holmes shook her head and said no. Laurie Ledonne HR Representative (hereinafter "Ms. Ledonne") told Plaintiff that she was not allowed to leave the room. Plaintiff asked for permission again and was denied that request even though Plaintiff was on Intermittent FMLA for her medical condition. Defendant failed to accommodate Plaintiff's request to use the restroom, even after Plaintiff informed them that she had a medical condition and really had to use the restroom. As a result, Plaintiff soiled herself in public. Ms. Thomas was profoundly humiliated, embarrassed and mortified.

17. In the second meeting, in her capacity as Union Representative, Plaintiff met with Ms. Holmes. They discussed pay for Language Interpreters who had not received their due override for the past several years. Nothing positive came of this meeting. In fact, on previous occasions, Ms. Holmes made it clear Plaintiff should not be concerned about her colleagues because as she put it, "You're not Mexican" and that the DOL should work this out instead. When Plaintiff said that she would contact the DOL herself in order to verify the veracity of statements made by Ms. Holmes, the following day, Ms. Holmes suspended Plaintiff and walked her off the property. (see below).

18. On August 7, 2019, Plaintiff reported to Heather Holmes that she, Plaintiff, had defecated on her herself when Holmes and Ledonne refused to allow Plaintiff to go to the restroom. Union representative Cliff. On this same day, Holmes told Plaintiff to "get her shit and get to my office." Plaintiff also reported to Holmes and Ledonne that they violated her due process when they failed to allow a Union representative in her meeting.

19. On August 7, 2019, Defendant's Station Manager Heather Holmes suspended Plaintiff for "*Possible* Pass Travel Violation" referring to Plaintiff's missed shift in July.

20. On August 13, 2019, Plaintiff received a phone call from Ms. Holmes directing her to bring discharge papers from her hospital visit from her previous visit for their meeting for August 16, 2019. However, that same day August 13, 2019, after the phone call Plaintiff was sent to the emergency room and hospitalized (undergoing an emergency infusion) until the next day. The hospital told Plaintiff, in writing, that she was not to work until August 22, 2019.

21. Plaintiff showed up at the meeting even though she was extremely weak knowing Ms. Holmes would have her fired if she failed to attend. Plaintiff did show Holmes the hospital note that she should not be working until the 22nd and asked for accommodations in the form of

rescheduling the meeting. Holmes ignored the note, said that Plaintiff's condition was not that severe and asked her what was wrong with her and what medication she was on. Holmes failed to direct Plaintiff to HR or employee services and failed to engage in any sort of good faith interaction process with regard to the request for medical accommodations. Cliff Arrington, the Union representative even told Holmes, look at her, she is too weak to be here. . Ms. Holmes said that Plaintiff's condition was not severe enough to move the meeting to when the hospital physicians requested accommodation.

22. Holmes contacted to contact Plaintiff during this time. Plaintiff's union had to request Holmes to stop calling Plaintiff.[1]

23. At the beginning of October 2019, Plaintiff was called in to a pre-termination meeting. Plaintiff was being accused of forgery and dishonesty pertaining to her hospital visit documents. While the information discussed in the meeting was an attempt to keep Plaintiff from returning to work, "Possible Pass Travel Violation" was not mentioned.

24. On or about October 31, 2019, Plaintiff received a letter stating that her employment was terminated,[2] citing forgery and dishonesty pertaining to her already established FMLA. [3]That assertion was far from the truth and was made in retaliation for all of the discriminatory complaints and issues Plaintiff, in her role as Union Representative, and in her own capacity for herself had brought to Ms. Holmes over the years. Other employees had submitted actual fraudulent documents pertaining to FMLA in the past, but those employees were not

---

[1] This is somewhat ironic as Holmes contacted Mr. Arrington, Plaintiff's Union representative after the October 7, 2019, meeting in an effort to get Mr. Arrington to write a statement. It is important to note that Holmes had no supervisory authority over Mr. Arrington.
[2] It is also important to note that Defendant had already disciplined Plaintiff for any alleged issue earlier that year.
[3] Defendant alleged that Plaintiff failed to participate in an investigation. It is important to note that Holmes directed Plaintiff to sign a blank United document with the requested information and the medical office to which the requested information was directed to be filled out after signing. Plaintiff obviously refused as this did not follow any of United's protocol. In fact, Plaintiff learned that Holmes tried to contact her physician's office directly for information.

terminated (Shannon Gillette) as a result.

25. Defendant was aware that Plaintiff suffered from an autoimmune disease called "Ulcerative Colitis" (UC), that she was diagnosed with during childhood. UC is a debilitating, painful, disorder, which can affect memory retention; also known as "UC Fog". There is no specific known causes or cure for UC. When active, UC causes painful diarrhea, frequent urgency to defecate, and significant pain in the rectum and colon due to the ulcers. When not, active remission can last as little as 1-3 days. Longer periods of remission may last weeks, months, or even years. Flare ups can be mild, moderate, or extremely severe. No two episodes are the same, however, they are always debilitating. Plaintiff has taken numerous medications over the years including various pain medications to achieve some modicum of relief. Plaintiff is not currently able to take any medication to ease the symptoms of UC due to a lack of healthcare coverage.

## VI.
## CAUSES OF ACTION

### COUNT I – TITLE VII RACE DISCRIMINATION

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

27. Defendant intentionally engaged in unlawful employment practices of discriminating against Plaintiff on the basis of Plaintiff's race.

28. Plaintiff is a member of a protected class, namely African American, clearly qualified for the position she was holding with Defendant.

29. Plaintiff was subjected to adverse employment actions, namely, discrimination in connection with the compensation, terms, conditions, and privileges of employment, as well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (African-

7

American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

30. Defendant's non-African American employees were treated more favorably, compared to Plaintiff.

## COUNT II – TCHRA RACE DISCRIMINATION

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

32. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African American).

33. Defendant discriminated against the Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 *et seq*.

## COUNT III- TITLE VII RETALIATION

34. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

35. Plaintiff engaged in activities protected by applicable federal and state law, namely, reported discrimination at the hands of Defendant on the basis of race and disability, including because Plaintiff requested accommodations on at least two occasions. These requests for accommodations are protected activity.

36. Defendant intentionally retaliated against Plaintiff because of the said complaints of race and disability discrimination (and requests for accommodations) made to Defendant.

## COUNT IV - TCHRA RETALIATION

37. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

38. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055 and for engaging in protected activity by requesting accommodations.

## COUNT V: DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE ADA

39. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

40. Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

41. Defendant is an employer and cover entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A)).

42. Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. §12111(4)).

43. Plaintiff is actually disabled, as defined under the ADA and concurrent Texas law. Her evaluations and prescribed medicine reveal that she is protected by the ADA.

44. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

45. Plaintiff reported her disability.

46. Plaintiff requested medical accommodations regarding her disability.

47. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADAAA (42 U.S.C. §12112).

9

48. Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## COUNT VI: TCHRA DISABILITY DISCRIMINATION

49. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

50. Defendant's conduct constitutes violations of Chapter 21, of the Texas Labor Code (the TCHRA). *See* Tex. Lab. Code §21.001 *et seq.* Specifically, Defendant has discriminated against Plaintiff because of her disabilities in violation of §§ 21.051 and 21.055 of the Texas Labor Code, which states in relevant part that:

> [a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age, the employer (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

51. Plaintiff's rights were violated when Defendant failed to reasonably accommodate her.

52. Defendant discriminated against Plaintiff after Plaintiff reported her disability.

53. Defendant perceived Plaintiff as having a disability.

## COUNT VII: ADA RETALIATION

54. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

55. Defendant intentionally retaliated against Plaintiff after making requests for accommodation in violation of the ADA.

## COUNT VIII: TCHRA RETALIATION

56. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as fully set forth herein.

57. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055 as well as for requesting medical accommodations.

## VII.
## JURY DEMAND

58. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submit the jury fee.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kim L. Thomas, respectfully prays that Defendant, UNITED AIRLINES, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for:

a) All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments hereto, including but not limited to back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

b) Compensatory damages, including, but not limited to, emotional distress;

c) Past, present, and future physical pain and mental suffering;

d) Punitive damages;

e) Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f) Pre-judgment interest at the highest rate permitted by law;

g) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h) Costs of Court; and

i) Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
alfonso.kennard@kennardlaw.com
Ellen Sprovach
Texas Bar No. 24000672
Southern District I.D. 22202
ellen.sprovach@kennardlaw.com
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713.742.0900
Fax: 832.558.9412

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

_____

Alfonso Kennard, Jr.