United States District Court
Southern District of Texas
**ENTERED**
June 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIM L. THOMAS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:21-cv-01301 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| UNITED AIRLINES | § | |
| INC, | § | |
| Defendant. | § | |

ORDER OF SANCTIONS AND
REFERENCE TO THE UNITED STATES ATTORNEY

Plaintiff Kim L. Thomas brought several claims against Defendant United Airlines Inc under Title VII, the ADA, and their state equivalents. Dkt 21. An order granting summary judgment in favor of United Airlines entered in March 2023. Dkt 47. That order detailed mendacious behavior by Thomas before and after she filed suit, along with complicit and amplifying behavior by her counsel, the Kennard Law Firm. See id at 15–20.

As summarized there, with citation here to the pertinent underlying filings, Thomas insisted throughout this litigation (and before it even started) that she visited a specific hospital on July 20, 2019. This was no small factual detail but was instead central to the dispute that she chose to initiate against United Airlines. She then testified under oath at her deposition that she visited the hospital, while also swearing to having done so in an affidavit. See Dkts 36-2 at 43 & 38-11 at 3.

The Kennard Law Firm also vouched for this fact in briefing filed on behalf of Thomas. The firm made this representation of fact not only when contesting whether United Airlines had met its burden under *McDonnell*

*Douglas*, but also when arguing that a fact issue existed as to pretext—both material components of her claims for discrimination and retaliation. For example, see Dkts 38 at 13, 15–16, 17–19, 21 & 44 at 1, 4–5. As to *McDonnell Douglas*, the Kennard Law Firm even stated in a surresponse, "At no point has Plaintiff conceded Defendant's stated reason for termination; Plaintiff has maintained that, while supposed forgery and dishonesty were the reasons of termination cited by Defendant, she has committed no such acts." Dkt 44 at 1.

For its part, United Airlines submitted substantial and persuasive evidence that Thomas didn't visit the hospital on July 20th, and that she instead later forged discharge papers purporting to show that she did. This included evidence that employees of the hospital informed United Airlines that no records existed of Thomas having been there on July 20th. See Dkt 36-1 at 56–57; see also 36-3 & 36-4. It also included evidence that the discharge papers submitted by Thomas to establish the purported visit on July 20th bore a unique account number from a separate, overnight visit that occurred on August 13th and 14th. See Dkts 36-1 at 32 & 36-6. Throughout summary judgment practice, Thomas in no way attempted to rebut or refute with evidence what United Airlines had shown.

Because of these concerns, the order granting summary judgment allowed United Airlines to move for sanctions against the Kennard Law Firm under Rule 11 of the Federal Rules of Civil Procedure. Dkt 47 at 20. It also permitted United Airlines to state in any such motion whether it believed that reference of Thomas to the United States Attorney for the Southern District of Texas for inquiry into potential perjury was appropriate. Ibid.

Now pending is a motion by United Airlines requesting (i) sanctions against the Kennard Law Firm in the amount of $52,287.72, as the entirety of its fees and expenses incurred in defending against the claims in this action; and (ii) reference of Thomas to the United States Attorney. Dkt 48.

The Kennard Law firm hasn't responded to the pending motion on behalf of either itself or its client. Its failure to respond is treated in the Southern District of Texas "as a representation of no opposition." LR 7.4.

Rule 11(b) states in full:

> REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) then further provides that district courts have authority to "impose an appropriate sanction" for violations of Rule 11(b).

In light of the evidence presented by United Airlines and available to Thomas and her counsel before this lawsuit began, the Court FINDS that the Kennard Law Firm (i) in violation of Rule 11(b)(3), submitted factual contentions in briefing that lacked minimal evidentiary support, and (ii) in violation of Rule 11(b)(4), made denials of factual contentions that could in no way be warranted on the available evidence.

Specifically, the Kennard Law Firm affirmatively asserted in briefing on summary judgment that:

- "On July 20, 2019 Plaintiff planned for travel using her United travel benefits. ... While waiting to fly standby, Plaintiff began to experience UC symptoms. Plaintiff, unable to travel in her condition, did not use any United travel pass that day. *Rather, on July 20, Plaintiff went to the hospital as a result of her UC.*" Dkt 38 at 9–10 (emphasis added; record citations omitted).
- "In early October 2019 meeting, Plaintiff was *wrongfully* accused of forgery and dishonesty pertaining to documentation of her prior hospital visit." Id at 11 (emphasis added).
- "Plaintiff *never* falsified any documents nor did she lie about visiting the hospital, yet Plaintiff was terminated due to these *false* allegations." Id at 15–16 (emphasis added).
- "Defendant argues that Plaintiff's employment was terminated because she supposedly (i) falsely stated that she went to the emergency room, (ii) submitted a falsified document to support this visit, and (iii) refused to cooperate with Defendant's investigation. *Note that, Plaintiff has proof that she was at the hospital on the day in question.*" Id at 18 (emphasis added; record citations omitted).
- "While Defendant cites forgery and dishonesty as its reasons for terminating Plaintiff, *these*

4

> > *reasons are merely pretextual*. Plaintiff has proof that she was at the hospital on the day in question." Id at 21 (emphasis added; record citations omitted).
>
> o "At no point has Plaintiff conceded Defendant's stated reason for termination; Plaintiff has maintained, that while supposed forgery and dishonesty were the reasons of termination cited by Defendant, *she has committed no such acts*." Dkt 44 at 1 (emphasis added).
>
> o "While Plaintiff did go to the airport with the intention to travel, she never ended up traveling due to an UC flare. *This is evidenced by documentation showing that Plaintiff went to the hospital on July 20th*." Id at 4 (emphasis added).
>
> o "While Plaintiff had planned to travel, Plaintiff did not actually travel on July 20, 2019, due to her UC. Plaintiff was at the airport, *but ultimately left and went to the emergency room that day*. Plaintiff did not call out sick and then attempt to use a travel pass, rather, Plaintiff intended to use a travel pass, suffered an UC flare, did not use the pass, and then subsequently reported to Defendant that she had been ill." Id at 5 (emphasis added).

The Court additionally FINDS that substantial evidence establishes that Thomas did indeed falsify documents and lie about visiting the hospital. Given the evidence that United Airlines has put forward all along the way, both prior to and during this litigation, the Kennard Law Firm could not merely accept as true and trustworthy allegations such as those made by Thomas and on that basis present them to a federal court. Rule 11(b) instead requires "an inquiry reasonable under the circumstances." Because the Kennard Law Firm has chosen not to respond to the motion, the Court FINDS that the Kennard Law Firm concedes that it failed to undertake any such reasonable inquiry into the allegations made by its client.

5

Because the Kennard Law Firm has chosen not to respond to the motion, the Court additionally FINDS that the Kennard Law Firm has also conceded that it initiated and maintained this lawsuit without any good-faith basis under Rule 11(b)(1) and (b)(2). In this regard, the Court also FINDS that the amended complaint was made without reasonable investigation and minimal evidentiary support for the improper purpose of harassing United Airlines, and that the claims and legal contentions asserted on behalf of Thomas were in no way warranted by existing law. Dkt 21.

The Court additionally FINDS that such conduct warrants sanctions under Rule 11 against both the Kennard Law Firm and Ellen Sprovach, the attorney designated on the docket as responsible for this matter. See FRCP 11(c)(1): "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

Thomas was the source of the falsehoods that the Kennard Law Firm sponsored and amplified in briefing and evidence. See Dkt 47 at 15–17. She testified under oath that she "absolutely did not forge" her discharge papers and that she was "certainly" at the hospital on July 20th. See Dkt 36-2 at 40, 42. She made similar representations in a sworn declaration. Dkt 38-11 at 3.

The Court FINDS that these sworn statements go to a material element of her discrimination claims. And as already explained above, the Court additionally FINDS that clear and persuasive evidence submitted by United Airlines shows that these statements were not merely false, but of their nature were knowingly false.

Misrepresentations such as these, when knowingly made in the course of litigation, come with consequences. The Fifth Circuit observes, "The proper administration of justice depends on people testifying truthfully under oath." *Brown v Oil States Skagit Smatco*, 664 F3d 71, 77 (5th Cir 2011). And as stated by the Seventh Circuit, "the judicial system cannot tolerate deception from litigants." *Neal v LaRiva*, 765 F3d 788, 790 (7th Cir 2014).

The Court thus FINDS that reference to the United States Attorney for further consideration as to perjury and/or the submission of false documents is warranted. Accord *Neal*, 765 F3d at 791; *Brown & Brown Inc v Ali*, 592 F Supp 2d 1009, 1051 (ND Ill 2009); *A.V. by Versace Inc v Gianni Versace SpA*, 446 F Supp 2d 252, 276–77 (SDNY 2006); *Devine v Wal-Mart Stores Inc*, 52 F Supp 2d 741, 746, n 7 (SD Miss 1999).

With this referral, it must again be noted that the Kennard Law Firm declined entirely to respond—on behalf of either itself or its client—to the motion by United Airlines. As such, it briefed no defense or explanation of Thomas's conduct to this Court. What advice or encouragement, if any, that the Kennard Law Firm gave to Thomas concerning the conduct under consideration is thus unknown. The United States Attorney should consider, if believed appropriate (i) whether the conduct of the Kennard Law Firm itself implicates the prohibitions of 18 USC § 1621 or any similar statute, and (ii) whether the advice or explanations given by the Kennard Law Firm to Thomas provide any defense or otherwise affect the exercise of prosecutorial discretion as to her.

* * *

The motion by Defendant United Airlines Inc for sanctions and reference to the United States Attorney is GRANTED. Dkt 48.

The Kennard Law Firm and Ellen Sprovach are jointly ORDERED to pay United Airlines $52,287.72 in attorney fees and costs by June 30, 2023.

The Clerk is ORDERED to send copies of this order, the order granting summary judgment (Dkt 47), and the case file to the United States Attorney for the Southern District of Texas so that he may consider whether Plaintiff Kim L. Thomas and/or the Kennard Law Firm should be prosecuted for the crime of perjury, under 18 USC § 1621, or any other offense that he deems appropriate.

A final judgment will enter by separate order.

7

SO ORDERED.

Signed on June 16, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge