## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KIM L. THOMAS, | § | |
| *Plaintiff*, | § | CIVIL ACTION NO.: 4:21-cv-01301 |
| | § | |
| v. | § | |
| | § | |
| UNITED AIRLINES INC., | § | JURY DEMANDED |
| *Defendant*. | § | |

---

### KENNARD LAW P.C.'S RESPONSE TO STATUS REPORT

---

**NOW COMES**, Alfonso Kennard Jr. on behalf of Kennard Law P.C. ("Kennard Law"), files this Response to Defendant, United Airlines Inc.'s Status Report; requesting this Court to allow Defendant to file a motion for sanctions under 28 U.S.C. 1927 against Kennard Law. Because the Fifth Circuit has already decided these issues, the Court should **DENY** Defendant's request. In response to the Status Report [Dkt. 68] Kennard Law respectfully shows the Court as follows:

### I.      ARGUMENT AND AUTHORITIES

**A. <u>The Fifth Circuit ruled on the issue of inherent power and a finding of bad faith.</u>**

1.      As the Court is aware on August 8, 2024, the Fifth Circuit issue an opinion and mandate vacating this Court's June 20, 2023 order awarding sanctions. The Fifth Circuit's Opinion states:

> "Because "this court can affirm the district court on any ground supported by the record," we may consider United's inherent-power argument despite the fact that it was not raised before the district court. *Ozmun*, 2022 WL 881755,

at *6. Ultimately, <u>however, it does not save the district court's order imposing sanctions.</u>"

"And even if the district court had complied with these procedural safeguards, nothing in the final order imposing sanctions amounts to a finding of bad faith on the part of Kennard Law. The district court stated simply that Kennard Law "could not merely accept as true and trustworthy allegations such as those made by Thomas and on that basis present them to a federal court." The district court concluded that Kennard Law "failed to undertake any such reasonable inquiry into the allegations made by its client." <u>These failures to act reasonably do not suggest that "fraud has been practiced upon" the court "or that the very temple of justice has been defiled." *Maxxam, Inc*., 523 F.3d at 590. The district court's findings do not reflect any intentionally or recklessly fraudulent conduct.</u> Accordingly, the order imposing sanctions does not satisfy the "high" threshold for invoking a district court's inherent power to sanction attorneys and parties. *Elliott*, 64 F.3d at 217."

*Kennard Law v. United Airlines*, No. 23-20430 at *8-10 (5th Cir. 2024).

2.      Defendant argues "it has a good faith basis to conclude that the Kennard Law Firm acted improperly in prosecuting Thomas's claims. The Kennard Law Firm had sufficient evidence before it of Thomas's false allegations and should not have pursued her claims." However, the Fifth Circuit has already opined that the actions of Kennard Law were **NOT** improper or in bad faith and do not "reasonably suggest fraud has been practiced upon the court." Allowing Defendant to file a Motion for Sanctions and will only lead to the same conclusion.

3.      Section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer,* 931 F.2d 340, 345 (5th Cir. 1991) (citation omitted) (internal quotation omitted). The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions. *Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees,* 844 F.2d 216,

224 (5th Cir. 1988). To prevent the courts from dampening "the legitimate zeal of an attorney in representing her client," *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir. 1991), the 5th Circuit has interpreted § 1927 as penal and construed it in favor of the sanctioned party, *FDIC v. Conner,* 20 F.3d 1376, 1384 (5th Cir. 1994).

4.      Here, Ellen Sprovach was the lead attorney in this case, even after she left the firm in March 2023. Ellen Sprovach is still listed as lead counsel for Kim Thomas. Ellen Sprovach stated in a brief to the Court that she found discrepancies in UA's evidence (that stipulated Thomas committed forgery) including, affidavits that were sworn too with the wrong name "Kim Taylor," instead of Kim Thomas. Ellen Sprovach, having spent the most time with Thomas, stated "Ms. Thomas has never wavered or backed down from her position, even after being confronted. Ms. Thomas was well aware when confronted that she swore to this as the truth under the penalty of perjury. Putting her demeanor, her knowledge that this process is a long haul and not plaintiff friendly anyway, her consistency, …, the fact that she was willing to and did leave mediation," Ellen Sprovach believed Ms. Thomas more than not, and it was not proven how she allegedly forged these documents. Thus, Ellen Sprovach's had a good faith belief in her client and sought to uncover the truth through the filing of Appellant Thomas' claims. Thus, sanctioning Kennard Law based on Ellen Sprovach's good faith belief would dampen "the legitimate zeal of an attorney in representing her client," *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir. 1991).

5.      Defendant seeks to sanction Kennard Law, which the Fifth Circuit has specifically found the conduct by Kennard Law does not reflect any intentional or reckless fraudulent

conduct. An evidentiary hearing and further briefing would only lead to the same conclusion. An award of attorneys' fees under § 1927 requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848 (5th Cir. 2014) (reversing attorney fee award under § 1927 based on evidence attorneys' acted in good faith based on a sincere belief).

6.      Defendant seeks sanctions under § 1927 based on the same conduct, which the Fifth Circuit found was not "bad faith" or "fraud" practiced on the Court. Defendant may argue that additional evidence is needed, but any and all evidence Defendant seeks to discover will NOT satisfy the "high" threshold § 1927 requires. Therefore, we ask this Court to **DENY** Defendant's request to move for sanctions and allow the case to close based on the Final Judgment entered on June 16, 2023.

## II.      <u>CONCLUSION</u>

7.      Outside of Kim Thomas and Ellen Sprovach; no one else at Kennard Law had comprehensive knowledge of the facts in this case. Therefore, Kennard Law respectfully asks this Court to deny Defendant's request to move for sanctions because it would only increase the costs of litigation and waste judicial resources only to lead to the same conclusion as the Fifth Circuit that there is no evidence of "bad-faith," "fraud," or "improper conduct" that would warrant sanctions under § 1927. Defendant's attempt to sanction under § 1927 is a clear dampening of the legitimate zeal of an attorney in representing her client, given the evidence already in the record regarding Ellen Sprovach's good-faith and sincere belief.

8.      As such, Kennard Law respectfully requests this Court **DENY** Defendant's request

to move for sanctions under §1927 in its entirety.

Respectfully submitted,

**Kennard Law P.C.**

Alfonso Kennard Jr.
Texas Bar No.: 24036888
S.D. ID 713316
5120 Woodway Dr. Suite 10100
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951

<u>**CERTIFICATE OF SERVICE**</u>

A true and correct copy of the foregoing was served on Defendant via the Court's CM/ECF system on September 20, 2024.

Amit K. Misra, Esq., P.C.
 S.D. Tex. No. 21460
 State Bar of Tex. No. 00795534
639 Heights Boulevard
Houston, Texas 77007
832-723-4776 Telephone
832-476-9656 Telecopier
amit@misralegal.com
**ATTORNEY-IN-CHARGE FOR**
**DEFENDANT UNITED AIRLINES**

**ELLEN SPROVACH**
Email: sprovache@gmail.com
**ATTORNEY IN CHARGE FOR**
**PLAINTIFF KIM THOMAS**

_____
                Alfonso Kennard, Jr.