United States District Court
Southern District of Texas
**ENTERED**
November 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIM L. THOMAS, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:21-cv-01301 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| UNITED AIRLINES INC, | § | |
| Defendants. | § | |

### ORDER TERMINATING PROCEEDINGS

This case concerns claims brought by Plaintiff Kim L. Thomas against Defendant United Airlines Inc under Title VII and the Americans with Disabilities Act, along with their equivalents under Texas law. Dkt 21.

In March 2023, an order granting summary judgment was entered in favor of United Airlines. Dkt 47; see also *Thomas v United Airlines Inc*, 2023 WL 5960084. In June 2023, a further order was entered imposing sanctions against the Kennard Law Firm pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dkt 49; see also *Thomas v United Airlines Inc*, 2023 WL 5969385. Detailed factual findings and reasons were stated in support of both rulings.

The Fifth Circuit recently vacated and remanded the order largely on procedural grounds in an unpublished *per curiam* decision. Dkt 66. United Airlines was directed to file a status report stating its intention with respect to issues left open on remand. Dkt 67. Its subsequent status report requests the setting of a briefing schedule and evidentiary hearing with respect to a motion for sanctions under 28 USC §1927. Dkt 68.

The Kennard Law Firm responds that the Fifth Circuit order entirely absolved it of the potential for any sanctions,

thus leaving nothing further to consider at this point. Dkt 69. That doesn't appear to be correct. The Fifth Circuit resolved the main points at issue on procedural grounds concerning technical requirements of motion practice under Rule 11. Dkt 66 at 5–8. Other aspects of the opinion to which the Kennard Law Firm points dealt only with alternative grounds argued on appeal by United Airlines to uphold the sanctions order. Id at 8–10. Those arguments, however, were never before this Court and formed no basis of the prior rulings. Id.

Discretion thus remains to pursue further proceedings on sanctions. Even so, the Court is disinclined to invest further judicial time and resources on remand. This is particularly so with respect to the request by United Airlines to bring an entirely new motion under 28 USC §1927, which hasn't been previously asserted and would only serve to inject new issues into consideration. And regardless, the prior rulings were expressed in a manner sufficient to explain—and thus deter—the subject perjurious conduct.

For the avoidance of doubt as to issues related solely to this remand from the Fifth Circuit, this is a FINAL JUDGMENT. See also Dkt 50 (previously dismissing action with prejudice and entering final judgment after sanctions order).

SO ORDERED.

Signed on November 1, 2024, at Houston, Texas.

*CREskridge*
Hon. Charles Eskridge
United States District Judge